# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH SCHMIDT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV411-004 |
| WARDEN BARRY GOODRICH and THE ATTORNEY GENERAL OF THE STATE OF GEORGIA, | ) ) ) ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Before the Court is petitioner Kenneth Schmidt's 28 U.S.C. § 2254 form application for habeas corpus relief as well as a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1 & 2.) His IFP application (doc. 2) reveals that he has more than enough money to pay the $5 habeas filing fee. 28 U.S.C. § 1914(a). Nevertheless, the Court **GRANTS** him IFP status for jurisdictional purposes. Schmidt's petition must be dismissed, however, since it plainly appears that he has failed to exhaust available state remedies.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Schmidt states that he did not file a direct appeal of his February 2010 conviction and that he has filed no other petitions, applications, or motions with respect to the conviction. (Doc. 1 at 2-3.) He even admits that he "[d]id not exhaust no state remedies." (*Id.*) Accordingly, he has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court.[1]

---

[1] He complains that he could not exhaust his state remedies because he was never provided his trial transcript. (Doc. 1 at 4, 13.) The cost to have a transcript prepared was prohibitive, perhaps because he did not seek an appeal. (*Id.* at 13.) Still, his attorney offered to provide him with his case file and he was able to prepare the instant § 2254 petition without the aid of a trial transcript. (*Id.* at 9.) Since he has managed to file this petition, the Court sees no reason why he could not first file a petition with the state court in order to exhaust his remedies.

2

As it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.[2]

**SO REPORTED AND RECOMMENDED** this  20th  day of January, 2011.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] The Court advises petitioner that the filing of this premature federal habeas petition does not serve to toll the one-year statute of limitations for filing §2254 petitions set forth in 28 U.S.C. § 2244(d)(1). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Only "a properly filed application for State post-conviction or other collateral review" tolls the statute. 28 U.S.C. § 2244(d)(2).